# In the United States Court of Federal Claims

**MICHAEL HALLMON,**

    *Plaintiff,*

v.

**THE UNITED STATES,**

    *Defendant.*

No. 24-151

(Filed: March 1, 2024)

Not for Publication

## OPINION AND ORDER

**HADJI**, *Judge*.

    Plaintiff, proceeding *pro se*, filed this action on January 30, 2024. Compl. (ECF 1). The Court has reviewed Plaintiff's Complaint and, for the reasons stated below, determines *sua sponte* that this Court does not have jurisdiction to hear Plaintiff's claims for unlawful imprisonment and property damage.

    The Court of Federal Claims is a court of limited jurisdiction. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Rule 12(h)(3) of the Rules of the Court of Federal Claims; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading and proving the existence of subject-matter jurisdiction, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

    Plaintiff alleges that on January 25, 2024, his constitutional rights were violated when the Arlington County Police Department chased him, arrested him, and held him in the Arlington County jail for ninety-five hours. Compl. at 1. Plaintiff also alleges that the Arlington County Police Department damaged his property. *Id*. at 2.

    However, this Court's jurisdiction is limited to claims against the United States. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the *United States* ...." (emphasis added)). "If the relief sought [in the Court of Federal Claims] is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. 584, 588 (1941). In other words, "the only proper defendant for any

matter before [the Court of Federal Claims] is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Accordingly, this Court has found that "[w]hen a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007).

As discussed, Plaintiff alleges that the Arlington County Police Department, a municipal law enforcement agency, violated his rights. Because he alleges no wrongdoing by the federal government, Plaintiff's complaint must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1491(a); *Sherwood*, 312 U.S. at 588.

For the foregoing reasons, this case is **DISMISSED** for lack of jurisdiction. Plaintiff's request to proceed *in forma pauperis* (ECF 2) is thus **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

      **IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge